IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

S))))))))))))))))Q
No. 95-10066
Summary Calendar
S))))))))))))))))Q

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES CRAIN,

Defendant-Appellant.

S)))))))))))))))))))))))))Q
Appeal from the United States District Court for the
Northern District of Texas
(1:92 CR 045)
S)))))))))))))))))))))))))Q
September 21, 1995

Before GARWOOD, WIENER and PARKER, Circuit Judges.[*]

PER CURIAM:

Defendant-appellant Charles Crain (Crain) and Tony Watkins (Watkins) were each charged in both counts of a two-count indictment, count one of which charged conspiracy to possess cocaine base with intent to distribute it and count two of which charged possession of cocaine base with intent to distribute it.

─────────────

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Following a jury trial, both Crain and Watkins were convicted of both counts. Watkins was then sentenced to 140 months on each count, the sentences to run concurrently. Crain was sentenced to 262 months on each count, with the sentences to run concurrently. Crain and Watkins each appealed to this Court.

In his appeal, Crain contended that the evidence was insufficient to support his conspiracy conviction under count one, that the evidence was insufficient to support his conviction of possession with intent to distribute under count two, and that the district court erred in its sentencing of Crain by double counting his prior convictions in setting his base offense level and his criminal history category. On September 19, 1994, this Court issued its opinion in that appeal. *United States v. Crain*, 33 F.3d 480 (5th Cir. 1994). There, we affirmed Watkins' conviction and sentence on both counts. We specifically affirmed Crain's conspiracy conviction. We reversed Crain's possession conviction as being not supported by sufficient evidence, and we vacated Crain's sentence and remanded his case to the trial court for resentencing. *Id*. at 488. Crain did not file a petition for rehearing or a suggestion for rehearing en banc, and so far as we are aware did not file a petition for writ of certiorari. The mandate was issued on October 11, 1994. On January 6, 1995, the district court, pursuant to our mandate, resentenced Crain on count one, the conspiracy count which we had affirmed, to a term of imprisonment of 175 months. Crain now again appeals to this Court.

Crain's sole contention on this appeal is that the evidence is

2

insufficient to support his conspiracy conviction. This contention was specifically considered and rejected by this Court on the prior appeal. *Id*. at 485-486. Although a majority of the panel believed that the question of the sufficiency of the evidence of conspiracy was "a close one," we nevertheless specifically held that the evidence of conspiracy was sufficient, and specifically affirmed the conspiracy conviction. *Id*. at 486. The third judge on the panel likewise voted to affirm the conspiracy conviction, and found the evidence was sufficient to sustain it, but did not think that the issue was even close. *Id*. at 488. This judge likewise dissented from the holding of the panel majority that the evidence was insufficient to support the possession conviction. *Id*. at 488-89.[1]

In arguing that the evidence is insufficient to support his conspiracy conviction, Crain refers only to the evidence introduced at the only trial of this case, the very same evidence which was before this Court on the prior appeal and which we found sufficient to sustain the conspiracy conviction. There has been no subsequent trial or proffer of evidence. Moreover, Crain does not claim that there has been any change in the law since we affirmed the conspiracy conviction, and indeed he cites no authority decided subsequent to the earlier decision of this Court affirming his conspiracy conviction. When the trial court resentenced Crain on

---

[1] In reversing the possession conviction, the panel noted that no instruction had been given respecting the possession count on the theory of *Pinkerton v. United States*, 66 S.Ct. 1180 (1946). *Crain*, 33 F.3d at 486 n.7.

the conspiracy count in January 1995, it was acting pursuant to the mandate of this Court. If Crain was dissatisfied with the ruling of this Court on the prior appeal, his remedy was to seek rehearing by the panel, or rehearing by the Court en banc, or review by the United States Supreme Court. He did none of those things. Nor has he sought to have the prior mandate of this Court recalled. It would appear that this panel has absolutely no authority to entertain in this appeal Crain's present attack on the sufficiency of the evidence to support his conspiracy conviction. Moreover, it is the settled law in this Circuit that one panel may not overrule the decision of another, absent an intervening change in the law by the en banc court or the United Sates Supreme Court.

Even if we were to apply the arguably more lenient or flexible standard applicable to the law-of-the-case doctrine where there has been a retrial following an earlier appeal, see *Paul v. United States*, 734 F.2d 1064, 1066 (5th Cir. 1984), we would not grant relief here. We certainly cannot say that the decision of the prior panel was clearly erroneous, and there has been no change in the law and the evidence is, of course, the very same. We also note that in cases under 28 U.S.C. § 2255, "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). *See also, e.g., Fuentes v. United States*, 455 F.2d 910, 911 (5th Cir. 1972) ("The appellants' contention regarding the prosecuting attorney's jury argument was raised by them and acted upon by this court during the course of

4

their direct appeal.  Therefore this contention is deemed frivolous."); *Smith v. United States*, 420 F.2d 690 (5th Cir. 1970) (same).

Accordingly, the judgment below is

AFFIRMED.